UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|    *Plaintiff*, | ) | |
| | ) | |
|    vs. | ) | 2:10-cr-00026-JMS-CMM |
| | ) | |
| JOSE VASQUEZ-SILVA, | ) | -01 |
|   a/k/a Luiz Lerma Silva, | ) | |
|   a/k/a Jaime, | ) | |
|   a/k/a Skinny, | ) | |
| PEDRO SAUL TRIGO-LOPEZ, | ) | -02 |
| RUBEN ECHAVARRIA, | ) | -03 |
|   a/k/a Julio Cesar Zamora, | ) | |
|   a/k/a Guatemala, | ) | |
| MARIO NOE AGUAYO-ASCAZAR, | ) | -04 |
|   a/k/a Nello, | ) | |
| MINDY WHITE, | ) | -05 |
| ANTHONY NAIL, | ) | -06 |
| ROBBIE L. BURRIS, | ) | -09 |
|   a/k/a Country Guy, | ) | |
| JAMES G. DECKER, | ) | -11 |
| JEREMY D. MANDABACH, | ) | -12 |
|   a/k/a Tracks Guy, | ) | |
| HEIDI LOPEZ-JARRA, | ) | -13 |
| WBALDO CORONADO RAMIREZ, | ) | -15 |
| EDDIE WAYNE GRISHAM, | ) | -17 |
| PABLO LNU, | ) | -18 |
| CHARLENE CHAMBERS, | ) | -19 |
|   *Defendants*. | ) | |

## **ORDER**

Presently pending before the Court is all Defendants' motion for intra-district transfer. [Dkt. 256].[1]

---

[1] Defendant Adam R. Lett, who originally filed the motion, has a pending petition to enter a plea of guilty. [Dkt. 286.] At the most recent status conference, however, the remaining Defendants indicated that they wished to proceed with the motion on their own behalf. [Dkt. 306.]

**BACKGROUND**

In December 2010, a grand jury sitting in the Terre Haute Division returned a multi-count indictment that charges the Defendants with running a methamphetamine-distribution conspiracy, along with several ancillary crimes. [*See* dkt. 1.]

The Defendants ask to have their case transferred from the Terre Haute Division to the Indianapolis Division for trial, which is currently scheduled for October 3, 2011. Among other things, they worry that they will be unable to obtain an unbiased jury in the Terre Haute Division, for several reasons.

First, they note that Terre Haute's unfortunate familiarity with methamphetamine trafficking and abuse prevented the Court from obtaining a full complement of trial jurors from the venire in the methamphetamine prosecution of *United States v. Perez*, 2:10-cr-0008-M/L on the first try in July 2007. The Government points out, however, that after declaring a mistrial, the Court was able to seat a jury in the case on its next try in Terre Haute. [Dkt. 276 at 4.] The Court has also selected juries in other, later methamphetamine cases in Terre Haute. *See, e.g.*, *United States v. Moody*, 2:09-cr-0009-WTL-CMM-2, dkt. 144 (July 19, 2010 trial jury successfully empanelled).

Second, the Defendants have presented evidence that their case has received pre-trial publicity in Terre Haute: Using a Google search, they have turned up eight articles from three different news sources from December 2010 to June 2011, with the most recent being in March 2011. [Dkt. 250-1.] No reporters have, however, ever attended any of the status conferences in this case to date.

Third, the Defendants worry about the upcoming ten-year anniversary of the attacks of September 11. The local Terre Haute paper published an article in June 2011 entitled: "Meth's link to al-Qaida its 'dirty little secret' [/] U.S. Attorney says profits from drug help fund terror-

ism" [Dkt. 293-1.] The article includes a quote from the Assistant U.S. Attorney assigned to this case, who was speaking at a seminar at Indiana State University. The AUSA is reported to have stated that a methamphetamine conspiracy prosecution in 2002 unearthed evidence that drug proceeds were going to al-Qaida: "'What we had was meth addicts in Terre Haute financing Osama bin Laden,' Blackington said." [*Id.* at 2.] The article was republished the next day by the newspaper in Effingham, Illinois, which is 67 miles from Terre Haute. [Dkt. 293 at 4.] In response to the Defendants' allegations that the substance of the article was "explosive," the Government has, by surreply, collected national news stories from the national mainstream media that documented that connection, as well as government sources (like congressional hearings) that have documented the general connection between methamphetamine and international terrorism. [Dkt. 307 at 2-3.]

Finally, albeit without citation to any evidence, the Defendants assert: "Many of the defendants have criminal records that are readily available to the media for publication. The media outlets in the Terre Haute division do publish this information on the eve of trials occurring in the state and federal courts in the division." [Dkt. 256 at 2.]

## DISCUSSION

Because the Defendants have no constitutional right to have their case heard in any particular division within this District, *United States v. Reynolds*, 64 F.3d 292, 296 (7th Cir. 1995) (citations omitted), Federal Rule of Criminal Procedure 18 controls the Defendants' motion for intra-district transfer. As is relevant here, the Rule provides: "The court must set the place of trial within the district with due regard for the convenience of the defendant, any victim, and the witnesses, and the prompt administration of justice." Fed. R. Crim. Pro. 18.

Although the considerations under Rule 18 can be broad enough to justify a change of division to obviate difficulties in picking an unbiased trial jury, *United States v. Balistrieri*, 778

F.2d 1226, 1229 (7th Cir. 1985), the present record does not establish a need to change divisions for that reason here. With careful voir dire, as the Court's experience has shown, unbiased trial juries in methamphetamine cases are available in the Terre Haute Division, notwithstanding the scope of the methamphetamine problem in Terre Haute and any general practices of the local press in reporting about the trials of those cases. With respect to this case in particular, given the lack of any recent press coverage of it, the lack of any allegedly inflammatory information that past press coverage of this case has uncovered, and the fact that an additional two months remain before trial for the effects of past press coverage to dissipate, the Court is currently confident that an unbiased jury can be seated here. While the June local press article referring to possible connections between methamphetamine and terrorism is unfortunate in light of this pending case, there is no evidence of bad faith on the Government's part in that regard.[2] Further, the fact that the trial in this action will occur in October, rather than September, and the fact that the Court will be vigilant during trial for inappropriate, explicit or implicit references to terrorism mean that the Defendants will not suffer any prejudice from that article, which did not identify any of these Defendants by name.

The Defendants advance other arguments, too, about why a transfer to Indianapolis would be appropriate, arguments that relate to convenience to the parties, to witnesses, and administrative convenience. But those arguments are premature at this point, given the time that remains before trial. In that time, agreements between the parties may significantly streamline the case from its present condition.

---

[2] The Government is, however, urged to exercise suitable restraint as the trial date approaches to avoid making public statements that may complicate the jury selection process.

## CONCLUSION

The Defendants' motion for intra-district transfer, [dkt. 256], is **DENIED** to the extent that it seeks a transfer based on the alleged inability to pick an unbiased jury. It is **DENIED AS PREMATURE**, and thus without prejudice, to the extent that it seeks a transfer based upon convenience to the parties or witnesses or upon considerations of administrative convenience. The Defendants may renew their motion on those presently premature grounds up to twenty-one days before the final pre-trial conference in this case.

07/29/2011

*Jane Magnus-Stinson*
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution to all counsel of record via CM/ECF.**